IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

Case Number: 4:18-cv-3702

ROOR INTERNATIONAL BV, a Foreign Corporation, and SREAM, INC. a California Corporation

        Plaintiffs,

v.

HOW HIGH SMOKE SHOP and JOHN DOE

        Defendants.
_____/

## MOTION FOR DEFAULT FINAL JUDGMENT

Pursuant to Federal Rule 55(b)(2), Plaintiffs, SREAM, INC. and ROOR INTERNATIONAL BV, moves this Court for entry of default judgment against Defendant, HOW HIGH SMOKE SHOP, in this action. The Defendant was served with the summons and Complaint, but failed to file an answer or otherwise defend. *See* Clerk's Default, [DE 12]. Plaintiff now requests that this Court enter the attached proposed Default Judgment and Order for Other Equitable Relief, and Civil Money Penalties ("Default Judgment"). The Default Judgment award includes Statutory Damages of $15,000, and Costs in the amount of $670.00 to be imposed against the Defendant.

    **I.**     **PRELIMINARY STATEMENT**

As a result of Defendant's failure to appear in this action and the subsequent entry of default against them, the material factual allegations set forth in Plaintiffs' Complaint must be accepted as true. Those allegations establish all of the necessary elements of Plaintiff's claims for (i) willful trademark infringement of the RooR trademark in violation of 15 U.S.C. §§ 1114; (ii)

1

trademark counterfeiting of the RooR trademark in violation of 15 U.S.C. §§ 1116(d); and (iii) willful trademark infringement (false designation) in violation of 15 U.S.C. § 1125(a).

On the facts presented, it is also appropriate for the Court to grant Plaintiffs all relief requested in this motion, namely:

   a. Statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) in the amount of $15,000; and

   b. Costs in the amount of $670.00.

In sum, the Plaintiffs seek an award of statutory damages for Defendant's willful conduct; and an award of Plaintiffs' costs.

**II.    STATEMENT OF FACT**

   a. The "RooR" Trademarks and Plaintiff's Business.

RooR is an award-winning designer and manufacturer of glass products. RooR is widely recognized and highly acclaimed for its ornate and innovative products, including its borosilicate jointed-glass water pipes, parts, and accessories related thereto. It is one of the leading companies in the industry and has gained numerous awards and recognition for its innovative products and designs. *See* Compl. ¶ 9; [DE 1]. RooR's painstaking attention to detail is evident in many facets of authentic RooR products. It is precisely because of the unyielding quest for quality and unsurpassed innovation that RooR products have a significant following and appreciation amongst consumers in the United States. Compl. ¶ 10. Since at least August 2013, Sream has been the exclusive licensee of the RooR Mark in the United States. Compl. ¶ 13. By the terms of the trademark licensing agreement, Sream has manufactured water pipes under the RooR Marks (defined infra). Sream also advertises, markets, and distributes water pipes, water pipe parts, and other smoker's articles in association with the RooR Marks. All of these

activities are performed with RooR's consent and approval, and in accordance with RooR's strict policies. Compl. ¶ 15.

RooR Int'l has spent substantial time, money and effort in developing consumer recognition and awareness of the RooR trademarks. This recognition is also due, in part, to the collaborative efforts of Sream. Through the extensive use of the mark, RooR Int'l and its exclusive licensee, Sream, have built up and developed significant goodwill in the entire RooR product line. A wide array of websites, magazines, and specialty shops include advertising of RooR products which are immediately identifiable. RooR Int'l is the owner of federally registered and common law trademarks. The following is a partial (non-exhaustive) list of RooR's trademarks (Collectively hereinafter referred to as the "Trademark"):

   a. U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with goods further identified in registration in international class 034.
   b. U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international classes 025 and 034.
   c. U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international class 021.
   d. Common law and unregistered state law rights in the following variants of the RooR marks. Compl. ¶ 12.

b. <u>The RooR Marks are Counterfeiting Target</u>.

The superiority of RooR products is not only readily apparent to consumers, who seek RooR's higher quality glass in the marketplace, but to industry professionals as well. It is because of the recognized quality and innovation associated with RooR branded products that consumers are willing to pay higher prices for them. For example, a RooR-branded 45 cm water pipe retails for $300 or more, while a non-RooR product of equivalent size will usually sell for less than $100. Compl. ¶ 20.

c. <u>Defendant's Infringing Conduct and Failure to Litigate</u>.

The Defendant has engaged in continuous and systematic business in Florida, and derives substantial revenues from commercial activities in Florida. Specifically, the Defendant has engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit RooR branded water pipes and related parts. Compl. ¶ 8.

The Defendant has sold goods, with many marks, including those alleged to be the Trademark registered to RooR. Compl. ¶ 23. The Defendant's acts constitute willful trademark infringement. Compl. ¶ 34-35.The Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by the Defendant. Compl. ¶ 34. The Defendant has failed to respond to the Complaint or otherwise appear in this action.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(a) authorizes a court to enter a default judgment against a properly served defendant, who failed to file a timely responsive pleading. Entry of a default judgment is completely within the court's discretion. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *See Bonanz a Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), cert. denied, 414 U.S. 1073, 94 S. Ct. 587, 38 L. Ed. 2d 479 (1973).

> Prevailing law of the circuit sets forth factors for courts to consider when determining whether to enter default judgment: Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. "A defaulting defendant is deemed to admit all well-pleaded facts in the plaintiff's complaint, but not facts that are not well pled or conclusions of law." *Joe Hand Promotions v. Mickey's Sports Bar & Grill, LLC*, 2018 U.S. Dist. LEXIS 102301 (N.D. Tex., June 19, 2018) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

IV. **ARGUMENT**

    a. <u>A Default Judgment Should Be Awarded Against The Defendant</u>.

The Plaintiffs filed its Complaint on October 9, 2018. [DE 1] The Court entered a Clerk's Default for the Defendant's failure to respond to the Complaint or otherwise appear in this instant action. [DE 12] Since the Defendant has not responded to the Complaint or otherwise appeared in the instant action, the Plaintiffs cannot continue to litigate this case on the merits. As such, if default judgment is not granted, the Plaintiffs will be left with no recourse for its injuries to its reputation and business caused by the Defendant's illegal counterfeiting activities. Such an outcome is unfairly prejudicial to the Plaintiffs. Therefore, the Court should grant this motion and enter a default judgment against the Defendant.

    b. <u>Plaintiff Is Entitled To A Statutory Damages</u>.

To prevail on a trademark infringement claim under 15 U.S.C. § 1114, a plaintiff must prove that a defendant used, without the consent of the registrant, "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive."

In assessing likelihood of confusion, the Fifth Circuit examines eight nonexhaustive digits of confusion: (1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and

purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, (7) any evidence of actual confusion, and (8) the degree of care exercised by potential purchasers. *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 453 (5th Cir. 2017) (quoting *Bd. of Supervisors for La. State Univ. Agricultural & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008)). "These digits are flexible: They do not apply mechanically to every case and can serve only as guides, not as an exact calculus." *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485 (5th Cir. 2004).

RooR Int'l is the owner of the United States trademarks for the ROOR Marks which are registered on the Principal Register. Compl. ¶ 12. Sream, Inc. is the exclusive licensee of the RooR Mark in the United States. Compl. ¶ 13. The Defendant does not have the Plaintiffs' consent to sell products that are not genuine RooR goods. Compl. ¶ 24. The Plaintiffs have been damaged by the Defendant's acts because those acts were committed with the "intent to trade on the goodwill of the RooR Marks, cause confusion and deception in the marketplace, and divert potential sales of Sream's water pipes to the Defendant." Compl. ¶ 34. The Plaintiffs specifically point to trademarks including but not limited to (1) U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with goods further identified in registration in international class 034. (2) U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international classes 025 and 034. (3) U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international class 021. (4) As well as Common law and unregistered state law rights in the following variants of the RooR marks. Compl. ¶ 12.

1. The Plaintiffs further allege that Defendants "offered for sale, in commerce,

6

Counterfeit Goods using reproductions, counterfeits, copies and/or colorable imitations of one or more of the RooR Marks." Compl. ¶ 24. The water pipe, which donned the alleged Trademark, was offered for sale and sold in the ordinary stream of commerce. Compl. ¶ 24. The Defendant used images and names identical to or confusingly similar to the RooR Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Mark. Compl. ¶ 28-29. The Defendant's use of the RooR Marks includes importing, advertising, displaying, distributing, selling, and/or offering for sale unauthorized copies of RooR branded products. The Defendant's offering to sell, selling, importing and encouraging others to import Counterfeit Goods bearing the Infringing Mark in this manner was and is likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods. Compl. ¶ 33. The Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Compl. ¶ 58. The Defendants' actions constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B). Compl. ¶ 71. Moreover, it constitutes false designation of origin which is likely to cause confusion and mistake as it will deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by RooR Int'l / Sream, Inc. Compl. ¶ 79. As a result, the elements described by the court have been satisfied and statutory damages must be awarded.

The Lanham Act, 15 U.S.C. § 1117(c), provides, in pertinent part:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of —(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just;

> or(2) <u>if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.</u> (Emphasis added)

Because the Defendant has refused to cooperate, as indicated through the failure to obtain counsel and continue the litigation, it is not possible for Sream to establish exact damages with certainty. While the Defendant probably hasn't sold millions of counterfeit products, it has engaged in the purchase and sale of counterfeits of at least one unit, and likely traded in more.

While actual damages to Plaintiffs may not be calculated with exact certainly, an assessment of damages has been completed by Plaintiff, Sream. *See* Farraj Aff. as to Value of Damages; *see also* Farraj Aff. as to Damages. Sream owner, Jarir Farraj, states that Sream is seeking only a fraction of the actual losses to its business and that damages of $15,000.00 are reasonable since the actual damages to the business are far in excess of this amount. Farraj Aff. as to Value of Damages ¶¶ 13,14.

Further, the Fifth Circuit Court of Appeals held:

> 'Great latitude is given the trial judge in awarding damages, and his judgment will not be set aside unless the award is clearly inadequate.' *Drake v. E.I. DuPont de Nemours and Company*, 432 F.2d 276, 279 (5th Cir.1970). This is especially true of an award fashioned pursuant to the Lanham Act which expressly confers upon district judges wide discretion in determining a just amount of recovery for trademark infringement. *See* 15 U.S.C. § 1117.

*Holiday Inns, Inc. v. Alberding*, 683 F.2d 931, 935 (5th Cir.1982)). Based on the discretion this Court is given in Lanham Act cases such as this, the damages assessment of Sream, an award of $15,000.00 is the appropriate amount of statutory damages that is well within the discretion of the Court to award. This amount not only reflects actual damages suffered by the Plaintiffs, but also sends an unequivocal message to the industry that counterfeiting will not be tolerated, nor will misrepresentations or otherwise refusing to cooperate with discovery demands (even if

8

informally presented). Here, the Defendant has infringed on one or all of Plaintiffs' trademarks with the Registration Numbers 3,675,839, 2,307,176 and 2,235,638, justifying $15,000.00 in statutory damages.

    c. <u>Plaintiff Is Entitled To Costs of the Litigation</u>.

Pursuant to 15 U.S.C. § 1117, the Plaintiffs are entitled to recover the costs of the action. *See* 15 U.S.C. § 1117. Plaintiff requests the Court award costs in the total amount of $670.00 consisting of the filing fee ($400.00), the process server fee ($20.00), miscellaneous mailings ($0.67) and Plaintiffs' investigation fees ($250.00). *See* Aff. Supp. Final Default J. ¶ 7.

**V. CONCLUSION**

Given the foregoing, this Court should grant Plaintiff's motion in its entirety.

Date: March 25, 2019                          Respectfully Submitted

                                                      /s/ *Andrew K. Jacoby* _____
                                                      Andrew K. Jacoby (Texas Bar #24065488)
                                                      Scott, Vicknair, Hair, & Checki, LLC
                                                      909 Poydras Street, Suite 1100
                                                      New Orleans, Louisiana 70112
                                                      Phone: (504) 684-5200
                                                      Fax: (504) 613-6351
                                                      jacoby@svhclaw.com
                                                      *Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 25th day of March 2019, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ *Andrew K. Jacoby*_____
Andrew K. Jacoby (Texas Bar #24065488)

## SERVICE LIST

HOW HIGH SMOKE SHOP
11030 Bissonnet Street, Suite B,
Houston, Texas 77099-1711
*Defendant*